## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| LORI ANN BROGAN, ) <br> ) <br> Plaintiff ) <br> ) <br>v. ) <br> ) <br>JO ANNE B. BARNHART, ) <br>Commissioner of Social Security, ) <br> ) <br> Defendant ) | Docket No. 06-33-B-W |

### REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income ("SSI") appeal raises two novel questions: (i) whether the commissioner may refuse to allow a claimant to rebut the presumption of value established by 20 C.F.R. § 416.1140(a) and (ii) whether the commissioner erred by calculating the value of the support and maintenance the plaintiff received solely through cost rather than through current market value. I recommend that the commissioner's decision be affirmed.

This claim did not follow the commissioner's customary sequential evaluation process. The administrative law judge made the following relevant findings without taking testimony at a hearing: that the plaintiff had a period of ineligibility ending with the month of February 2003 due to incarceration at the Penobscot and Kennebec County Jails, Finding 1, Record at 14; that from February 1, 2003 through February 12, 2003 the plaintiff received income in kind for support and maintenance

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 1, (*continued on next page*)

1

from the jails, Finding 2, *id.*; that the presumed-value rule of 20 C.F.R. §§ 416.1130 and 416.1140 applied to the determination of income in kind for support and maintenance in February 2003, Finding 3, *id.*; that the value of income in kind for support and maintenance received by the plaintiff in February 2003 exceeded the presumed maximum value of $204, Findings 4-5, *id.*; and that the plaintiff was presumed to have received income in kind for support and maintenance in February 2003 of $204 (one third the federal benefit rate plus $20), Finding 6, *id.* The Appeals Council declined to review the decision, *id.* at 2-4, making it the final decision of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

## Discussion

The plaintiff begins the section of her statement of errors entitled "Discussion" with the following sentence: "The only dispute in this case is how to value the room and board Lori Brogan received in jail." Statement of Specific Errors ("Statement of Errors") (Docket No. 10) at 3. Earlier, she contended that the commissioner made two errors: (i) "refusing to allow [her] to rebut the presumption of value through evidence of the current market value of the support and maintenance she received" and (ii) "calculating the 'value' of the support and maintenance [she] received solely through cost rather than through current market value." *Id.* at 2. The assertion with respect to the

---

2006, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to
(*continued on next page*)

"only dispute" is consistent with the latter of the two asserted errors.  The first of the two asserted errors is inconsistent with the plaintiff's own presentation of the case.  At oral argument, counsel for the plaintiff agreed that he had not been prevented from presenting at hearing any evidence that he wished to present.

The plaintiff asserts that "[t]here are three pieces of evidence relating to the value of [her] support and maintenance while in jail," one of which is a letter which she provided (Record at 71), one of which is "a telephone contact with Penobscot County Jail personnel regarding the cost or housing a prisoner at the jail,"[2] and the third of which is the plaintiff's own affidavit.  Statement of Errors at 4-5.  The administrative law judge ruled, by necessary inference, that this evidence was not sufficient to rebut the regulatory presumption of value discussed below, but he did not refuse to allow the plaintiff to try to rebut the presumption.  Nothing in the record required the administrative law judge to find as a matter of law that the presumption was rebutted by the plaintiff's proffered evidence.  The plaintiff takes nothing by her first assertion of error.

The presumed-value rule appears in 20 C.F.R. § 416.1140(a), which provides in relevant part as follows:

> (a) *How we apply the presumed value rule*.  (1) When you receive in-kind support and maintenance and the one-third reduction rule does not apply, we use the presumed value rule.  Instead of determining the actual dollar value of any food or shelter you receive, we presume that it is worth a maximum value.  This maximum value is one-third of your Federal benefit rate plus the amount of the general income exclusion described in § 416.1124(c)(12).

---

relevant statutes, regulations, case authority and page references to the administrative record.

[2] The plaintiff contends that the use of the jail's monthly charge to another jail for housing a prisoner as the value of the food and shelter provided "is clearly wrong-headed," because "the correct measure of value would be the amount that the Penobscot County Jail charges **prisoners** for food and shelter."  Statement of Errors at 7.  Obviously, a jail does not routinely charge prisoners for food and shelter, and the plaintiff proffers no evidence that the jail involved in this case ever does so.  There is nothing inherently wrong with the use of the amount charged another jail, as opposed to the amount charged to a prisoner.  As the exception to the presumed-value rule makes clear, it is the "actual amount someone else pays for your food or shelter" that matters, not what the claimant pays or could be charged.  20 C.F.R. § 416.1140(a)(2)(ii).

3

> (2) The presumed value rule allows you to show that your in-kind support and maintenance is not equal to the presumed value. We will not use that presumed value if you show us that —
> (i) The current market value of any food or shelter you receive, minus any payment you make for them, is lower than the presumed value; or
> (ii) The actual amount someone else pays for your food or shelter is lower than the presumed value.

20 C.F.R. § 416.1140(a). "Current market value" is defined as "the price of an item on the open market in your locality." 20 C.F.R. § 416.1101. The one-third reduction rule appears in 20 C.F.R. § 416.1131.

> (a) *What the rule is*. Instead of determining the actual dollar value of in-kind support and maintenance, we count one-third of the Federal benefit rate as additional income if you . . . —
> (1) Live in another person's household . . . for a full calendar month except for temporary absences . . . , and
> (2) Receive both food and shelter from the person in whose household you are living.

20 C.F.R. § 416.1131(a). Both of these regulations are involved in this case because the plaintiff was in jail for a time. "[Y]ou are not eligible for SSI benefits for any month throughout which you are a resident of a public institution as defined in § 416.201." 20 C.F.R. § 416.211(a)(1). "[T]he amount of income you have is a major factor in deciding whether you are eligible for SSI benefits and the amount of your benefit." 20 C.F.R. § 416.1100. The amount of the benefit payable for the part of a month when a claimant who has been incarcerated is not longer incarcerated is governed by such income calculations.

Income is defined for purposes of these regulations as "anything you receive in cash or in kind that you can use to meet your needs for food and shelter." 20 C.F.R. § 416.1102. The Social Security Administration has "special rules for valuing food or shelter that is received as unearned income[.]" 20 C.F.R. § 416.1130(a).

> Essentially, we have two rules for valuing the in-kind support and maintenance which we must count. The one-third reduction rule applies if

4

>you are living in the household of a person who provides you with both food and shelter. The presumed value rule applies in all other situations where you are receiving countable in-kind support and maintenance.

20 C.F.R. § 416.1130(c).

In this case, the plaintiff contends that the current market value of the food and shelter that she received while incarcerated was zero. Statement of Errors at 4. She submitted a letter from "a Bangor area landlord" who had been incarcerated in the Penobscot County jail and who owned and managed rental properties in the area, in which this individual opined that "no one would willingly pay to live under the restrictions that accompany accommodations in a jail cell." Record at 71. She also relies on her own affidavit to the effect that the jail provided "terrible living conditions and poor quality of food." Statement of Errors at 5. She takes the position that "there is no market for the room and board provided by a jail" and, accordingly, no deduction from the benefits due her for the partial month in which she was released from incarceration may be made for her receipt of in-kind support and maintenance. *Id*. at 6. While she defends the landlord's letter as evidence of the lack of a market, her argument does not require such evidence. She essentially contends that, as a matter of law, the support and maintenance provided in a jail or prison may not be presumed to have a value of more than zero because there is never a market of willing buyers for such services. She cites no authority for this position[3] and my research has located none.

However, the plaintiff's interpretation of the presumed-value regulations would prevent the commissioner from imputing any value to the support and maintenance provided in a jail or prison, a

---

[3] The plaintiff also contends that the administrative law judge's position suffers from "a final inconsistency" in that she is charged "with in-kind income, all of which was received prior to the date of release," which she asserts "results in a double counting of the alleged benefits of incarceration" because she did not receive benefits for those days in the month in which she was discharged during which she was incarcerated and her benefits for the days of that month after her discharge were reduced "because of the same period of incarceration." Statement of Errors at 7. However, the plaintiff had no food or shelter expenses for the portion of the month during which she was incarcerated, so a payment of benefits for that month in less than the amount due for a full month was justified. No "double counting" is apparent. Counsel for the plaintiff himself noted at oral argument that this calculation was performed in accordance with 20 C.F.R. § 416.421 but he did not challenge the regulation itself.

5

result that is inconsistent with the intent of the regulations defining income. *See, e.g., Woodson v. Schweiker*, 1983 WL 22365 (N.D.Ala. Feb. 15, 1983), at *4 (failure to consider both parental support and value of in-kind income resulting from placement in state residential training school would violate statutory purpose of SSI benefits). The plaintiff offers no rational explanation for an interpretation of the regulations under which incarcerated SSI recipients alone are the recipients of such federal largesse, while those who live with family or friends are not.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.[4]

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 6th day of December, 2006.

                                            /s/ David M. Cohen
                                            David M. Cohen
                                            United States Magistrate Judge

---

[4] The legal issues presented by this appeal are the same as those raised in *Moore v. Barnhart*, Docket No. 06-34-B-W, argued as well on December 1, 2006 and the subject of a separate recommended decision filed today.